1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SEAN NICHOLAS COYLE,

11           Plaintiff,                    No. 2:12-cv-2446 JAM EFB P

12       vs.

13   MATTHEW CATES, et al.,

14           Defendants.              ORDER

15   _____/

16       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18   pauperis.

19   **I.      Request to Proceed In Forma Pauperis**

20       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21   Dckt. No. 8.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

22   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

23   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   ////

26   ////

**II.     Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

////

////

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court has reviewed the complaint pursuant to § 1915A, and finds that it must be dismissed.  Plaintiff alleges he suffers from neck and shoulder injuries, and that he should be handcuffed in waist-chains, as opposed to behind his back.  He claims there was a fight between inmates at High Desert State Prison, and that he and other inmates were ordered to lie on the ground, face down, with their hands zip-tied behind their backs for several hours, and thereafter, while still in zip-ties, was kept in a holding cage for several hours.  Plaintiff names numerous defendants, including unidentified or Doe defendants, but does not include specific allegations linking any particular defendant to the alleged wrongful conduct that resulted in the alleged constitutional violations.  Plaintiff must correct these deficiencies, in accordance with the standards below, in an amended complaint.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants (including unidentified defendants or Does) engaged in that support plaintiff's claim.  *Id.*

In addition, the use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.  Additionally, unknown persons

3

1    cannot be served with process until they are identified by their real names and the court will not

2    investigate the names and identities of unnamed defendants.

3        To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

4    constitutional or statutory right; and (2) that the violation was committed by a person acting

5    under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297

6    F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless

7    the facts establish the defendant's personal involvement in the constitutional deprivation or a

8    causal connection between the defendant's wrongful conduct and the alleged constitutional

9    deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

10    740, 743-44 (9th Cir. 1978).

11        The Eighth Amendment protects prisoners from inhumane methods of punishment and

12    from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

13    2006). Extreme deprivations are required to make out a conditions of confinement claim, and

14    only those deprivations denying the minimal civilized measure of life's necessities are

15    sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

16    503 U.S. 1, 9 (1992). " Prison officials have a duty to ensure that prisoners are provided

17    adequate shelter, food, clothing, sanitation, medical care, and personal safety. The

18    circumstances, nature, and duration of a deprivation of these necessities must be considered in

19    determining whether a constitutional violation has occurred. The more basic the need, the

20    shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000)

21    (quotations and citations omitted).

22        Negligence does not amount to a violation of a federal constitutional or statutory right.

23    *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable

24    under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to

25    inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of

26    mind more blameworthy than negligence.").

1    "[W]henever prison officials stand accused of using excessive physical force in violation

2    of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was

3    applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

4    cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  While malicious and sadistic uses

5    of force always violate contemporary standards of decency, not every "malevolent touch" by a

6    prison guard is actionable as an Eighth Amendment violation.  *Id.* at 9.  "The Eighth

7    Amendment's prohibition of cruel and unusual punishment necessarily excludes from

8    constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

9    of a sort repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotation marks and

10   citations omitted).  What violates the Eighth Amendment is "the unnecessary and wanton

11   infliction of pain," i.e., infliction of suffering that is "totally without penological justification."

12   *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

13        The following factors are relevant to a determination of whether a use of force violated

14   the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need

15   for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the

16   officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts

17   made to temper the severity of the forceful response.  *Whitley v. Albers*, 475 U.S. 312, 321

18   (1986).

19        To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

20   plaintiff must establish that he had a serious medical need and that the defendant's response to

21   that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see

22   also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

23   treat the condition could result in further significant injury or the unnecessary and wanton

24   infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

25   delay or intentional interference with medical treatment or by the way in which medical care is

26   provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with

deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

1    Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

2  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

3  complaints).

4    Accordingly, it is hereby ORDERED that

5    1.  Plaintiff's request to proceed *in forma pauperis* is granted.

6    2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

7  accordance with the notice to the Director of the California Department of Corrections and

8  Rehabilitation filed concurrently herewith.

9    3.  The complaint is dismissed with leave to amend within 30 days.  The amended

10  complaint must bear the docket number assigned to this case and be titled "First Amended

11  Complaint."  Failure to comply with this order may result in a recommendation that this action

12  be dismissed.

13  Dated:  March 22, 2013.

14                    EDMUND F. BRENNAN
15                    UNITED STATES MAGISTRATE JUDGE